IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LOUIS EUGENE CUNNINGHAM,  CV. 04-1795-HA

    Plaintiff,  ORDER TO DISMISS

  v.

DOUGLAS COUNTY PROSECUTOR'S OFFICE,

    Defendant.

HAGGERTY, District Judge.

On December 8, 2004, plaintiff filed this 42 U.S.C. § 1983 action alleging that Oregon law enforcement officers seized his personal property and $15,000 in cash on an unidentified date in 1986. He claims that his seized property should have been returned to him following his criminal trial which concluded on or about March 9, 1988, and brings this case in an attempt to secure the return of that property. He asserts that he did not bring this cause of action until December 8, 2004 because, until that time, he

was not aware that he could obtain legal redress for the allegedly wrongful withholding of his property.

On March 24, 2005, the court advised plaintiff that the statute of limitations for 42 U.S.C. § 1983 actions is two years, and ordered him to show cause why this case should not be dismissed on the basis that it is untimely. The court specifically advised plaintiff that his lack of legal knowledge is not a valid justification for tolling the statute of limitations. See United States v. Kubrick, 444 U.S. 1111, 122 (1979).

Plaintiff has timely responded to the Order to Show Cause. He argues that it would be improper to dismiss his case at this point because: (1) the Constitution gives all people the right to obtain redress in the courts; (2) he has not yet had access to the discovery process to develop his claims; and (3) the court is improperly assuming the role of the defendants in this case by issuing an Order to Show Cause rather than ordering defendants to answer the Complaint.

The Constitution does not preclude a court from enforcing the statute of limitations. In addition, discovery is only warranted where a litigant states a valid claim for pleading purposes. Moreover, while plaintiff believes that he is entitled to an answer from defendants, the Prisoner Litigation Reform Act requires courts to screen prisoner complaints for deficiencies in an effort to minimize the costs associated with prisoner lawsuits. See Madrid

v. Gomez, 190 F.3d 990, 996 (9th Cir. 1999); see also 42 U.S.C. § 1997e(c)(1) (requiring courts to dismiss frivolous and meritless cases *sua sponte*).

While assessing the viability of this action *sua sponte*, the court recognized that plaintiff filed the case approximately 14 years after the two-year limitation period had run. The Order to Show Cause provided plaintiff with an opportunity to be heard on this issue, but he fails to identify any reason why this case might be considered timely. As plaintiff has not satisfied the Order to Show Cause, the Complaint is dismissed on the basis that it is untimely.

## **CONCLUSION**

Plaintiff's Complaint (#2) is DISMISSED on the basis that it is untimely.

IT IS SO ORDERED.

DATED this __5__ day of May, 2005.

                     ___/s/Ancer L.Haggerty___
                        Ancer L. Haggerty
                        United States District Judge